1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

YOLANDA C.,[1]

              Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,

              Defendant.

Case No. 2:19-cv-09476-PD

**MEMORANDUM
OPINION AND ORDER**

## I.    SUMMARY OF RULING

Plaintiff challenges the denial of her applications for Social Security disability benefits and supplemental security income.  The Court concludes that the Administrative Law Judge stated adequate reasons for rejecting Plaintiff's symptom testimony.  For these reasons, the Court affirms the agency's decision.

---

[1]  Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II.    PROCEEDINGS BELOW

On August 25 and August 31, 2016, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income benefits, alleging an inability to work since September 28, 2014. [Joint Stipulation ("JS") 3; Administrative Record ("AR") 151-161, 162-172.][2] Plaintiff's applications were denied administratively on January 27, 2017. [AR 81-85.]  Plaintiff requested a hearing, which was held on September 11, 2018, before an Administrative Law Judge ("ALJ").  Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff, two medical experts ("ME"), and a vocational expert ("VE").  [AR 28-48.]  On November 16, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. [JS 2; AR 12-22.]  The ALJ found that Plaintiff suffered from medically determinable impairments but retained the residual functional capacity ("RFC") to perform the demands of her past relevant work.  [JS 3; AR 17-21.]  The Appeals Council denied Plaintiff's request for review [AR 1-6, 147-150], rendering the ALJ's decision the final decision of the Commissioner.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.  *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 28, 2014, the alleged onset date.  [JS 3; AR 17, ¶ 2.]  At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease, bilateral knee osteoarthritis, and status post successful surgeries."  [AR 17, ¶ 3.]   The ALJ found that these impairments significantly limit the ability to perform basic work activities.  At step three, the ALJ found that Plaintiff "does not have an impairment or combination of

---

[2]  The Administrative Record is CM/ECF Docket Numbers 16-3 through 16-8 and the Joint Stipulation is Docket Number 21.

impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [AR 18, ¶ 4.]

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform the demands of "medium work" with noted exceptions. [AR 18, ¶ 5.] The ALJ included the following in his RFC assessment:

> [Plaintiff] could lift or carry 50 pounds occasionally, 25 pounds frequently, stand or walk 6 hours in an 8-hour work day, frequently climb ramps or stairs, occasionally climb ladders, ropes or scaffolds, frequently balance, kneel, stoop, crouch and crawl and she has no specific manipulative or environmental limitations.

[*Id.*]

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a retail sales clerk, home health aide, warehouse worker, and order taker. The ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. [AR 21-22, ¶ 6.] Accordingly, the ALJ concluded that Plaintiff did not suffer from a disability between September 28, 2014, and the date of decision. [AR 22.]

## III.   DISPUTED ISSUE

Whether the ALJ properly considered Plaintiff's subjective symptom testimony. [JS 4.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits. A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citations omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

1  conclusion." *Id.*; *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154
2  (2019) (same).

3     It is the ALJ's responsibility to resolve conflicts in the medical evidence
4  and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir.
5  2020). Where this evidence is "susceptible to more than one rational
6  interpretation" the ALJ's reasonable evaluation of the proof should be upheld.
7  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v.
8  Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).

9     Error in Social Security determinations is subject to harmless error
10  analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is
11  harmless if "it is inconsequential to the ultimate nondisability determination"
12  or, despite the legal error, "the agency's path is reasonably discerned."
13  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

14
15  **V.   DISCUSSION**
       **A.   Plaintiff's Subjective Symptom Testimony**
16
             **1.   Background**
17
18     In October 2016, Plaintiff submitted an adult function report. [AR 209-
19  217.] She asserted that she has severe knee pain and permanent
20  osteoarthritis and that she is unable to sit or stand for a long period of time.
21  [AR 209.] She claims that her ability to walk is limited and that she uses a
22  cane. [AR 210, 215.] She takes ibuprofen for her pain. [AR 216.] Plaintiff
23  also claims that "my illness [has] cause[d] depression." [AR 215.] Plaintiff's
24  daughter submitted a third-party function report confirming her mother's
25  complaints of severe knee pain and swelling, and her inability to "walk like
26  she use[d] too (sic)" or stand for a long period of time. [AR 202-207.]
27     At the September 2018 hearing, Plaintiff age 51, testified that she
28  attended college and last worked in 2013. [AR 31-32.] Plaintiff has past work

with Walmart as a cashier and stocker and she worked at Fed X as an uploader. [AR 32-33.]  Plaintiff performed customer service work from 2003 through 2011 and she performed caretaker work from time to time.  [AR 33.] Plaintiff stated that due to her knees, she is unable to work.  [AR 33.]  She testified that if she stands too long her legs will give out and if she sits too long her legs will ache. [AR 41.]  Plaintiff testified that walking can be an issue some days.  [AR 41.]  Plaintiff defined "too long" as from 30 to 60 minutes and she noted that her right knee swells.  [AR 42.]  Plaintiff stated that she usually has to sit down with ice on the joint and relax for 45 to 60 minutes and sometimes she cannot always get back up.  [AR 42.]  Plaintiff testified that her legs cramp if she sits from 30 to 40 minutes and, when this happens, she tries to get up and walk, or stand and shake it.  [AR 42.]

Plaintiff stated that she cannot lift heavy items because she does not want to put too much weight on her knees.  [AR 43.]  Plaintiff testified that she does some household chores, but only for about 30 minutes before needing to take a break of 45 to 60 minutes.  [AR 43.]  She testified that sometimes she has to sit longer to be able to get up to finish her chores.  [AR 43.] Plaintiff stated that she may be a candidate for another surgery on her right knee because there is swelling and that it lately gives her more problems. [AR 44.]  Plaintiff testified that she was prescribed a cane when she had left knee surgery and that she uses the cane every day whether she is going to the gate and back, or to the store.  [AR 45.]   Plaintiff also testified that she has depression. [AR 34.]

## 2.   Relevant Law

In the absence of proof of malingering, an ALJ may reject a litigant's believability by identifying "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence

undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler*, 775 F.3d at 1102); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).  An ALJ may consider a variety of factors in analyzing the believability of a claimant's symptom testimony, including "ordinary techniques of credibility evaluation." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Evans v. Berryhill*, 759 F. App'x 606, 608 (9th Cir. 2019) (same).

An ALJ may consider a claimant's conservative treatment when evaluating credibility, particularly when the claimant "responded favorably" to minimal treatment.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Burkett v. Berryhill*, 732 F. App'x 547, 552 (9th Cir. 2018) (same). Proof of "conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Mojarro v. Berryhill*, 2018 WL 3947777, 746 F. App'x. 672 (9th Cir. 2018) (same).  An ALJ may also rely on an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and the claimant's daily activities.  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Loader v. Berryhill*, 722 F. App'x 653, 655 (9th Cir. 2018) (same).

An ALJ can consider whether there is a lack of objective medical evidence supporting a claimant's allegations.  However, this factor "cannot form the sole basis" for discounting subjective symptom testimony.  *Burch*, 400 F.3d at 681; *Davis v. Berryhill*, 736 F. App'x 662, 665 (9th Cir. 2018).

Even if an ALJ impermissibly relies "on one of several reasons in support of an adverse credibility determination," the error is harmless if "the ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record."  *Carmickle v.*

1  *Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citation and
2  emphasis omitted).

3               **3.    Analysis**

4        The ALJ reviewed the record and found that Plaintiff's medically
5  determinable impairments consisting of degenerative joint disease, bilateral
6  knee osteoarthritis, and status after successful surgeries could reasonably be
7  expected to cause the alleged symptoms, but determined that Plaintiff's
8  statements about the intensity, persistence, and limiting effects of the
9  symptoms were "not entirely consistent with the medical evidence and other
10 evidence in the record for the reasons explained in this decision." [AR 19.]
11 Plaintiff does not challenge the ALJ's decision regarding his evaluation of the
12 medical evidence, but only argues that the ALJ rejected her testimony solely
13 due to purported lack of objective medical evidence. [JS 7-10.] Plaintiff
14 contends that the ALJ provided a general summary of the medical evidence
15 and then offered insufficient reasons for finding Plaintiff's testimony
16 regarding her symptoms not consistent with the record. [JS 6.]

17       The Commissioner asserts that the ALJ properly discounted Plaintiff's
18 subjective testimony because it was not entirely supported by the record. [JS
19 13.] The Commissioner identifies three reasons that the ALJ discounted
20 Plaintiff's testimony: (1) inconsistent with the objective medical evidence;
21 (2) inconsistent with the opinions of consultative examiner Dr. Hoang and
22 testifying medical expert Dr. Morse; and (3) inconsistent with the opinion of
23 consultative examiner Dr. Bagner regarding Plaintiff's allegations of
24 depression. [JS 13-16.]

25               **a.    Reason One: Inconsistent with the Objective Medical
                         Evidence**

26       First, the ALJ found that the record is sparse from the alleged onset
27 date of September 28, 2014, to support Plaintiff's allegations about the

28

intensity, persistence, and the limiting effects of her symptoms concerning her bilateral knee osteoarthritis and history of left knee internal derangement and surgery.  [AR 19; *see also* AR 278-303.]   The ALJ relied on medical records from Dr. Jack Azad, Plaintiff's treating doctor, that reflect that she had arthroscopic surgery on her right knee in 2003 and her left knee in 2015.  [AR 344.]  The ALJ noted that Dr. Azad's records do not reflect the difficulties with standing, walking, or sitting to the extent testified to by Plaintiff.  [AR 20, citing AR 274-285; *see also* AR 344-367, 392, 397, 400, 405, 408.]

The ALJ also noted that, while there was evidence of knee pain symptoms in 2016, Plaintiff's records from Dr. Azad indicate that the overall plan of care was conservative, including a recommendation that she exercise and increase her physical activity, which the ALJ found directly counters her testimony regarding alleged instability.  [AR 20, citing AR 280-285.]  The ALJ noted that while Plaintiff complained of right knee pain and swelling in July 2016, x-ray results showed that the "right knee was in alignment no tumors good bone quality."  [AR 20, citing AR 290-291.]  The ALJ further explained that a right knee MRI study conducted by Dr. Pelton in September 2016 revealed "moderate effusion, a large Baker's cyst and degenerative disease in the lateral meniscus" [AR 292-293, 302], however, the ALJ noted that his review of Plaintiff's "problem list" in the records from Dr. Azad does not show additional complications or a need for a cane due to bilateral knee osteoarthritis. [AR 20, citing AR 349, 351, 354, 358, 365.]  The ALJ explained that Plaintiff's treatment records showed that she was not in distress despite arthralgia, and aside from slightly decreased right shoulder motion, some cold symptoms and some slight non-compliance with cholesterol medication, she was doing reasonably well without evidence of additional functional limitations in her 2017 and 2018 records.  [AR 20; *see* AR 343-367.]

1       The ALJ further noted that while Plaintiff had some symptoms

2   associated with her conditions, treatment records from Dr. Azad and the Tri-

3   City Medical Group show that treatment remains conservative without

4   additional limitations during the same time period.  [AR 20, citing AR 390-

5   410; *see also* AR 421.]  The ALJ found that the findings in Plaintiff's medical

6   records are inconsistent with the alleged function loss and limitations

7   asserted by Plaintiff and her daughter in the function reports.  [AR 20, citing

8   AR 200-218.]

9       Plaintiff does not contest the ALJ's discussion of the medical and non-

10   medical evidence; instead, she contends that the ALJ's sole rationale, that the

11   objective medical evidence did not support Plaintiff's testimony, is insufficient

12   to reject the testimony.  [JS 3, 7–10.]  While inconsistencies with the objective

13   medical evidence cannot be the sole ground for rejecting a claimant's

14   subjective testimony, inconsistencies are factors that the ALJ may consider

15   when evaluating subjective symptom testimony.  *Burch*, 400 F.3d at 681;

16   *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see* SSR 16-3p, at *5,

17   2017 WL 5180304 ("objective medical evidence is a useful indicator to help

18   make reasonable conclusions about the intensity and persistence of

19   symptoms, including the effects those symptoms may have on the ability to

20   perform work-related activities").

21       Here, the ALJ did not rely solely on the objective medical evidence, but

22   also relied on the minimal and conservative treatment as reasons for

23   discounting Plaintiff's subjective symptom testimony.  *See Molina*, 674 F.3d at

24   1113.  In addition, the ALJ's findings that the record is sparse with respect to

25   Plaintiff's allegations of the limiting effects of her symptoms concerning her

26   bilateral knee osteoarthritis and history of left knee internal derangement

27   was a clear and convincing reason for partially discrediting Plaintiff's

28   testimony. [AR 20, citing AR 274-285.]  *See Burch,* 400 F.3d at 681 ("The ALJ

1   is permitted to consider lack of treatment in his credibility determination.").

2   Accordingly, the ALJ provided clear and convincing reasons based on

3   substantial evidence to partially discount Plaintiff's subjective complaints.[3]

4   [AR 20-21.]

5           **b.**    **Reason Two: Inconsistent with the Medical Experts Opinions**

6        As to Plaintiff's alleged difficulties sitting, standing, and walking, the

7   ALJ found that the medical opinion evidence did not support the full extent of

8   Plaintiff's claims.  [AR 20, citing AR 276, 278.]   The ALJ relied on the opinion

9   of Anh Tat Hoang, M.D., an orthopedic doctor, who conducted a consultative

10   examination and noted no findings of internal derangement (e.g. meniscus

11   tear or knee instability) based on a review of Plaintiff's x-rays.  [AR 19, citing

12   AR 315-16.]  Dr. Hoang's examination revealed normal limits in Plaintiff's

13   upper and lower extremities, negative studies of bilateral knees, 5/5 motor

14   strength in all extremities, and no grip strength loss or atrophy of her

15   extremities.  [AR 19, 314-15.]  Dr. Hoang noted that Plaintiff used a cane;

16   however, Dr. Hoang observed that Plaintiff had a "normal gait without the

17   use of a cane," despite some limited active range of motion and limited knee

18   flexion.  [AR 19, citing AR 313-16.]

19        In addition, the ALJ relied on the medical expert, John R. Morse, M.D.,

20   who testified at the hearing that Plaintiff has "degenerative arthritis" of her

21   knees with a history of arthroscopic knee surgery in 2002 to her right knee

22   due to an injury and a subsequent arthroscopic surgery on her left knee in

23   2015.  Dr. Morse noted that Dr. Hoang did a very comprehensive and detailed

24   evaluation.  [AR 21, 35.]  Dr. Morse agreed that there was no evidence of

25

26   _____

27   [3]  Plaintiff contends that the ALJ did not articulate Plaintiff's "sporadic daily activities" as a reason to reject her testimony.  [JS 8-10.]  The Court agrees with

28   Plaintiff that the ALJ did not provide Plaintiff's daily activities as a reason to reject her testimony.

active inflammation or instability and that her knees appeared stable.  [AR 21, 35.]  Dr. Morse opined that Plaintiff did not have an impairment or combination of impairments to meet or equal a Listed Impairment.  The ALJ found Dr. Morse's testimony persuasive to the extent that Plaintiff is not presumptively disabled.  [AR 18, 21.]  The ALJ properly relied on the opinions of the examining consultative examiner Dr. Hoang, and medical expert Dr. Morse, to assess Plaintiff's testimony.  *See* 20 C.F.R. § 404.1529(c)(4) ("We will consider ... statements by your treating or nontreating source"); *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it").

The ALJ also relied on M. Amado, M.D., who reviewed the medical evidence and opined that Plaintiff could sustain a medium RFC.  [AR 20, citing AR 55-58, 60-63.]  The ALJ properly considered that the medical opinion evidence of Dr. Morse and Dr. Amado finding Plaintiff capable of performing medium work, also contradicted Plaintiff's assertion to the contrary.  [AR 20-21.]  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding that the medical evidence, including the opinions of two physicians that a claimant could work, supported the ALJ's credibility determination).  Plaintiff makes no challenge of the ALJ's findings of the medical opinions he relied on in his decision [AR 20-21] and therefore, concedes the ALJ's reliance on this evidence.  *See Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's finding); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court)

When considered with the reasons discussed in the previous subsection, the Court finds the inconsistency between Plaintiff's testimony and the state

agency medical opinions and other medical evidence are clear and convincing reasons for discounting Plaintiff's testimony.  *See Kallenbach v. Berryhill*, 766 F. App'x 518, 521 (9th Cir. 2019) ("The ALJ provided specific, clear, and convincing reasons for discounting Kallenbach's testimony, including inconsistencies between Kallenbach's allegations of impairment and his medical treatment records, inconsistencies between the medical opinion evidence and Kallenbach's testimony, and Kallenbach's failure to seek and adhere to prescribed treatment."); *Lake v. Colvin*, 633 F. App'x 414, 415 (9th Cir. 2016) ("The ALJ provided specific, clear, and convincing reasons for the credibility assessment, including inconsistencies between Lake's testimony regarding his limitations and the medical opinions and documentary evidence."); *White v. Colvin*, 622 F. App'x 639 (9th Cir. 2015) ("The ALJ provided specific, clear, and convincing reasons for the credibility assessment, including inconsistencies between White's testimony regarding her limitations and the medical opinions and record.").

     **c.**    **Reason Three: Inconsistent with Mental Health Experts Testimony**

Plaintiff also alleges she was unable to work because of depression.  [AR 34.]  The ALJ evaluated three medical sources who offered opinions with respect to Plaintiff's claim of depression: (1) consultative examiner Ernest A. Bagner, III, M.D., a psychiatrist who noted no limitations in Plaintiff's ability to follow simple, or complex instructions, interact appropriately with others, or properly respond to work settings and changes, and found that Plaintiff had no limitations in her activities of daily living [AR 21, citing AR 306-309]; (2) agency consultant Andres Kerns, Ph.D., a psychologist, who reviewed the evidence and opined that Plaintiff had no medically determinable mental impairment [AR 21, citing AR 58-59]; and (3) agency expert Betty Borden, Ph.D., clinical psychologist who testified at the hearing that there was

12

insufficient evidence of mental health treatment, and she referenced a finding in the record of no mental health treatment [AR 21, 37 citing AR 306-309.] The ALJ relied on the opinions from Drs. Bagner, Kerns, and Borden, and found them persuasive, and supported his RFC assessment, because their findings of no diagnosis at Axis I with no non-exertional function loss is consistent with Plaintiff's lack of mental health treatment and the lack of contrary objective evidence in the record.  [AR 21.]   Notably, Plaintiff did not address the ALJ's reliance on the medical experts' opinions regarding Plaintiff's claim of depression.  Thus, Plaintiff waives a challenge to the ALJ's findings here. *See Christina E. S. v. Saul*, 2020 WL 868604, at *4, n. 6 (C.D. Cal. Feb. 21, 2020) (finding "the Court may take a Plaintiff's failure to address aspects of the ALJ's reasoning [ ] as a waiver of a challenge to those aspects" where plaintiff addressed two of the ALJ's reasons "in a cursory fashion" and did not acknowledge the third reason) (citation omitted.).

Accordingly, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's subjective symptom testimony on permissible grounds.

## VI.    CONCLUSION

The ALJ's decision is AFFIRMED for the reasons stated above.

IT IS SO ORDERED.

DATED:  March 08, 2021

HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

13

NOTICE:  THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.